UNITED STATED BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption is in Compliance with D.N.J.L.BR. 9004-1

Lavin, Cedrone, Graver, Boyd & DiSipio
1300 Route 73, Suite 307
Mt. Laurel, New Jersey 08054
Regina Cohen, Esquire
Attorneys for Ally Financial Inc.
rcohen@lavin-law.com

*In Re:*

BRIAN LEVINE

        Debtor

Order Filed on July 8, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 17-14727(CMG)

Hearing Date:  N/A

Judge:  Christine M. Gravelle

Chapter:  13

CONSENT ORDER RESOLVING
CREDITOR, ALLY FINANCIAL INC.'S MOTION FOR RELIEF FROM STAY

The relief set forth on the following page, numbered two (2) through four (4) is hereby ORDERED.

DATED: July 8, 2021

Honorable Christine M. Gravelle
United States Bankruptcy Judge

(Page 2)
Debtor: Brian Levine
Case No.: 17-14727(CMG)
Caption of Order:    CONSENT ORDER RESOLVING CREDITOR, ALLY FINANCIAL INC.'S MOTION FOR RELIEF FROM STAY

This Consent Order is entered into by and between the Debtor Brian Levine, by and through his counsel, Andrew Thomas Archer, Esquire, and the Law Offices of Brenner Spiller & Archer and Ally Financial Inc., by and through its counsel, Regina Cohen, Esquire and the Law Offices of Lavin, Cedrone, Graver, Boyd & Disipio, in order to resolve Ally Financial Inc.'s Motion for Relief from Stay filed with this Court on May 24, 2021.

AND NOW COMES Ally Financial Inc., by and through their counsel, and state as follows:

Brian S. Levine (the "Debtor") financed the purchase of a 2010 Dodge Challenger, VIN: 2B3CJ5DT3AH120899 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated October 3, 2015 (the "Contract") which has been assigned to Ally Financial Inc.

Pursuant to the Contract, Ally Financial Inc. maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

The Debtor desires to retain possession of the Vehicle and provide adequate protection for Ally Financial Inc.'s interest in the Vehicle.

It is hereby stipulated and agreed by and between Debtor and Ally Financial Inc. as follows:

**ORDERED** that Ally Financial Inc. will receive a total sum of $20,246.04 for the Vehicle through the Chapter 13 Plan. Said payments shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062-8234.

(Page 3)
Debtor: Brian Levine
Case No.: 17-14727(CMG)
Caption of Order:  CONSENT ORDER RESOLVING CREDITOR, ALLY FINANCIAL INC.'S MOTION FOR RELIEF FROM STAY

**ORDERED** The Debtor has amended his Chapter 13 Plan to pay Ally Financial Inc. $20,246.04 over the remaining months of the sixty (60) month plan plus $500.00 in attorney fees and costs which fee will be paid as an administrative claim.

**ORDERED** that the Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally Financial Inc. under the Contract are paid in full.

**ORDERED** if Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make payments within ten (10) days of due date, or if Debtor fails to make trustee payments when due, Ally Financial Inc. will give Debtor and Debtor's counsel notice by facsimile, first class mail or e-mail. Debtor will have ten (10) days to bring the account current. If the account is not brought current within the ten (10) day period, Ally Financial Inc. may be granted relief from the automatic stay imposed by 11 U.S.C. §362 with respect to the Vehicle as to the Debtor as to the vehicle upon filing a Certification of Counsel that Debtor is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtor, Debtor's counsel and Chapter 13 Trustee. It is also expressly understood that the notice and cure period provided herein, only applies with respect to Ally Financial Inc.'s ability to obtain relief from the automatic stay in this bankruptcy case and does not in any way apply to or restrict Ally Financial Inc.'s ability to pursue its rights pursuant to the Contract.

**ORDERED** that if for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

(Page 4)
Debtor: Brian Levine
Case No.: 17-14727(CMG)
Caption of Order:    CONSENT ORDER RESOLVING CREDITOR, ALLY FINANCIAL INC.'S MOTION FOR RELIEF FROM STAY

**ORDERED** that this Consent Order may be executed by facsimile and such facsimile signatures shall be deemed as originals.

**ORDERED** that the signature pages of this Consent Order may be executed in counterpart and all such signature pages, when attached, shall become part of the original Consent Order.

| | |
|---|---|
| /s/ Regina Cohen | /s/ Andrew T. Archer |
| Regina Cohen, Esquire | Andrew Thomas Archer, Esquire |
| Attorney for Ally Financial Inc. | Attorney for Debtor |

2254965v1